MICHAEL E. STOBERSKI
NV state bar. 004762
**OLSON, CANNON, GORMLEY & STOBERSKI**
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
Tel. (702) 384-4012
mstoberski@ocgas.com
DAVID R. TIPPETTS
Pro Hac Vice Forthcoming
THAD K. JENKS
Pro Hac Vice Forthcoming
**WEINSTEIN TIPPETTS & LITTLE LLP**
7500 San Felipe, Suite 500
Houston, Texas 77063
Tel. (713) 244-0800
david.tippetts@wtllaw.com
thad.jenks@wtllaw.com
Attorneys for Defendant ZF TRW Automotive Holdings Corp.

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| MS, a minor individual, by Guardian VALERIE SANDERS,<br>Plaintiffs,<br><br>vs.<br><br>HYUNDAI MOTOR AMERICA, a California business entity; HYUNDAI MOTOR COMPANY, a Korean corporation; TAKATA CORPORATION a Japanese corporation; ZF TRW AUTOMOTIVE HOLDINGS CORP., a Delaware Corporation; ZF FRIEDRICHSHAFE AG, a German Corporation; ROE AIRBAG MANUFACTURING COMPANY; DOE INDIVIDUALS I through XXX and ROE CORPORATIONS XXXI through LX,<br>Defendants. | Case No.<br>2:20-cv-01861-GMN-BNW<br><br>**DEFENDANT ZF TRW AUTOMOTIVE HOLDINGS CORP.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND FAILURE TO STATE A CLAIM** |

Defendant ZF TRW Automotive Holdings Corp. ("ZF TRW AH") is not "at home" in Nevada and therefore is not subject to general personal jurisdiction. It is a Delaware

company with its principal place of business in Michigan and lacks any corporate presence or activity in Nevada.

Nevada also lacks specific personal jurisdiction over ZF TRW AH because, as a holding company, ZF TRW AH did not design, manufacture, or sell any product at issue. ZF TRW AH does not design, manufacture, or sell any products anywhere. Plaintiff cannot demonstrate the requisite connection between the defendant, the forum, and the litigation to justify specific jurisdiction. Without general or specific jurisdiction, Plaintiff's claims should be dismissed. *See* FED. R. CIV. P. 12(b)(2).

Alternatively, Plaintiff has failed to state a cause of action against ZF TRW AH. Plaintiff's Complaint makes insufficient factual allegations and generically recites the elements of claims against multiple defendants collectively, but nowhere makes any factual or legal allegations against ZF TRW AH alone or makes any allegations that could plausibly give rise to a right to recover from ZF TRW AH. The Court should also dismiss Plaintiff's Complaint against ZF TRW AH for failure to state a claim. *See* FED. R. CIV. P. 12(b)(6).

**A. Rule 12(b)(2): ZF TRW AH is not subject to personal jurisdiction in Nevada.**

**1. ZF TRW AH has no contacts with Nevada.**

ZF TRW AH is a Delaware holding company based in Michigan. *See* Ex. A, Simons Decl. ¶ 4. It has no employees, management personnel, officers, or directors residing or located in Nevada. *Id.* ¶ 6(e). It does not have continuing, systematic, and substantial contacts with the State of Nevada. *Id.* ¶ 6. To the contrary:

- ZF TRW AH is not a Nevada corporation, nor is it a resident of Nevada.
- ZF TRW AH does not—and is not required to—maintain a registered agent for service of process in Nevada.

- ZF TRW AH does not conduct business in Nevada.
- ZF TRW AH has no personal or real property in Nevada.

*Id.* ¶¶ 4, 6.

Additionally, ZF TRW AH did not supply any content for the vehicle at issue. *Id.* ¶ 5. ZF TRW AH does not design, manufacture, or sell products and is corporate layers above any entities that do design or manufacture products. *Id.*

Given its limited role as a holding company, courts across the country have rejected claims of personal jurisdiction over ZF TRW AH. For instance, the United States District Court for the District of Colorado observed that because ZF TRW AH operates "purely as [a] holding compan[y]" and as a "corporate parent[]" of the entity that designed and manufactured the allegedly defective product, ZF TRW AH was not itself subject to jurisdiction. *See* Ex. B, *Mills* Order Dismissing ZF TRW AH, at 11. Similarly, the United States District Court for the Eastern District of New York dismissed ZF TRW AH after finding that ZF TRW AH "does not conduct business in New York or have any personal or real property in New York" and after Plaintiff failed to identify any ZF TRW AH activity in New York. Ex. C, *Godoy v. BMW of N. Am. LLC*, No. 16-CV-5502, 2018 U.S. Dist. LEXIS 164195, **12, 13-14 (E.D.N.Y. Sept. 25, 2018).

When a defendant challenges jurisdiction with a Rule 12(b)(2) motion, the plaintiff bears the burden of producing affidavits or other competent evidence to support jurisdiction by a preponderance of the evidence. *See Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015), *cert. denied*, 577 U.S. 1104 (2016); *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001); *Stevo Design, Inc. v. SBR Mktg.*, 968 F. Supp. 2d 1082, (D. Nev. 2013). If the plaintiff fails to provide sufficient evidence, the case must be dismissed.

**2. ZF TRW AH is not subject to general jurisdiction in Nevada.**

For the Court to exercise personal jurisdiction over a defendant consistent with due process,[1] the defendant must have purposefully availed itself of the benefits and protections of the forum state by establishing "minimum contacts" with that state. *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). The requirement of "purposeful availment" ensures a defendant "will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated contacts. . . or of the 'unilateral activity of another party or third person.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985). "Minimum contacts" can be established through a showing of either general jurisdiction or specific jurisdiction. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 & n.8 (1984).

"Only a limited set of affiliations with a forum will render a defendant amenable to all-purpose [general] jurisdiction there." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). The defendant's contacts must be "so continuous and systematic as to render [the foreign corporation] essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (quotation omitted). *See also Martinez v. Aero Caribbean*, 764 F.3d 1062, 1066 (9th Cir. 2014), *cert. denied*, 135 S. Ct. 2310 (2015) *and Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015), *cert. denied*, 577 U.S. 1104 (2016) (both applying the "at home" standard of *Daimler* and *Goodyear*). For a company like ZF

---

[1] A federal district court looks to state law to determine whether it may assert personal jurisdiction over a nonresident defendant. *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008), *cert. denied*, 555 U.S. 1171 (2009). Nevada allows courts to exercise personal jurisdiction to the limits of constitutional due process. *See Freestream Aircraft (Berm.) Ltd. v. Aero Law Grp.*, 905 F.3d 597, 602 (9th Cir. 2018); *Southport Lane Equity II, LLC v. Downey*, 177 F. Supp. 3d 1286, 1289 (D. Nev. 2016).

TRW AH, the place of formation and the principal place of business are "paradig[m]… bases for general jurisdiction." *Daimler*, 571 U.S. at 137 (quotation omitted, brackets in original). *See also Goodyear Dunlop Tires Operations, S.A.*, 564 U.S. at 924 ("[f]or an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home"); *Martinez*, 764 F.3d at 1070 (quoting *Daimler*, 571 U.S. at 137) ("[*Daimler*] emphasized that the 'paradigm' fora for general jurisdiction are a corporation's place of incorporation and principal place of business"). In the Ninth Circuit the standard for establishing general jurisdiction over a corporation is a "demanding" one. *Martinez*, 764 F.3d at 1070.

After recent Supreme Court opinions, it is "incredibly difficult" to establish general jurisdiction over a corporation in a forum other than the place of incorporation or principal place of business. *A.B. v. Hilton Worldwide Holdings Inc.*, Case No. 3:19-cv-01992-IM, 2020 U.S. Dist. LEXIS 163412, *10 (D. Or. Sept. 8, 2020) (not published) (quoting *Frank v. PNK (Lake Charles) LLC*, 947 F.3d 331, 336 (5th Cir. 2020) *and Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014)). *See also Malik v. Cabot Oil & Gas Corp.*, 710 Fed. Appx. 561, 564 (3d Cir. 2017) (using the same "incredibly difficult" language); *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 627 (2d Cir. 2016) ("[E]xcept in a truly 'exceptional' case, a corporate defendant may be treated as 'essentially at home' only where it is incorporated or maintains its principal place of business—the 'paradigm' cases"); *Kipp v. Ski Enter. Corp. of Wis.*, 783 F.3d 695, 698 (7th Cir. 2015) (noting *Goodyear*'s and *Daimler*'s "stringent criteria"). The Ninth Circuit finds general jurisdiction outside a corporation's place of incorporation or principal place of business

only if it is an "exceptional case." *Martinez*, 764 F.3d at 1070 (quoting *Daimler*, 571 U.S. at 137 n.19).

Plaintiff correctly pled that ZF TRW AH is incorporated in Delaware and its principal place of business is in Michigan. *See* Ex. A, Simons Decl., ¶¶ 4, 6; Ex. D, Complaint, ¶ 6. Given those facts, Plaintiff can establish general jurisdiction over ZF TRW AH only if this case is exceptional. With its place of incorporation and principal place of business outside Nevada, ZF TRW AH must have extraordinary systematic and continuous contacts with Nevada to be considered "at home" there. But Plaintiffs make no such allegation and can provide no supporting evidence. *See* Ex. D, Complaint, ¶ 6. And ZF TRW AH has established it has no contacts with Nevada. *See* Ex. A, Simons Decl., ¶¶ 4, 6.

**3. ZF TRW AH is not subject to specific jurisdiction in Nevada.**

Specific jurisdiction is based on a defendant's direct contacts with a forum that give rise to the plaintiff's claim. Specific jurisdiction "is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (quotation omitted).

The Ninth Circuit imposes a three-part test to find specific jurisdiction. First, Plaintiff must show ZF TRW AH "purposefully direct[ed]" its activities at the forum or "purposefully avail[ed]" itself of the benefits of the forum's law. *Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1023 (9th Cir. 2017) (citing *Dole Food Co. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002)). Second, Plaintiff's litigation must "arise out of or relate to" to ZF TRW AH's Nevada-related activities. *Id.* Third, exercising jurisdiction must "comport[] with fair play and substantial justice." *Id.*

Plaintiff alleges ZF TRW AH knew its "automobiles and their component parts would be installed into vehicles that would subsequently enter the stream of commerce and eventually be resold and used in Nevada . . ." (ZF TRW AH does not make automobiles or component parts). But missing from Plaintiff's Complaint are any allegations that ZF TRW AH purposefully directed any activities at Nevada or that Plaintiff's causes of action arose out of or related to any ZF TRW AH activities in Nevada. *See Williams*, 851 F.3d at 1023 (imposing the two requirements). Nor could Plaintiff make any such allegation because ZF TRW AH conducts no business or other activities within the forum state and no activities pertinent to the design, manufacture, sale, or distribution of any products in Nevada—or anywhere else. *See* Ex. A, Simons Decl., ¶¶ 5, 6. ZF TRW AH is a nonresident, passive holding company that exists layers above any entities that design or manufacture any products.[2] *See id.* ¶¶ 4-5. *See also* Ex. B, *Mills* Order Dismissing ZF TRW AH, at 11 (ZF TRW AH operates "purely as [a] holding company[y]" and as a "corporate parent[]"). It did not supply any content for the subject vehicle and has no connection to Plaintiff's incident. *See* Ex. A, Simons Decl. ¶ 5. Plaintiff can meet none of the requirements for specific jurisdiction.

---

[2] ZF TRW AH cannot be subject to Nevada personal jurisdiction because of the contacts of its subsidiary's subsidiaries, if any, because ZF TRW AH is a separate juridical entity. *See* Ex. A, Simons Decl. ¶¶ 7(a)-(t). "A basic tenet of American corporate law is that the corporation and its shareholders are distinct entities." *Dole Food Co. v. Patrickson*, 538 U.S. 468, 474 (2003) (superseded by statute on other grounds). *See also, e.g., First Nat'l City Bank v. Banco Para el Comercio Exterior de Cuba*, 462 U.S. 611, 625 (1983) (superseded by statute on other grounds) ("separate legal personality has been described as an almost indispensable aspect of the public corporation" (quotation omitted)). *See also* Ex. B, *Mills* Order on Motion to Remand and Motions to Dismiss, at 12 (rejecting personal jurisdiction over ZF TRW AH despite ZF TRW AH's stock ownership of a subsidiary entity that manufactured an allegedly defective product).

**B. Rule 12(b)(6): Plaintiff's allegations against "Defendants" do not sufficiently state a cause of action against ZF TRW AH.**

**1. Plaintiff blames all Defendants for all causes of action and allegedly defective components.**

Plaintiff's Complaint brings claims against five named defendants and 20 unidentified Doe and Roe defendants. *See* Ex. D, Complaint, Sec. I. Plaintiff accuses all 25 "Defendants" collectively of various design and manufacturing defect and negligence claims related to multiple products, including the entire vehicle, *see id.*, ¶¶ 20, 26, 32-33, 42, 45-49; the "airbags," *id.*, ¶¶ 15, 20, 27, 50.c; the "airbag system," *id.*, ¶ 50.d; the "airbag control modules," *id.*, ¶¶ 20-21; "the safety restraint system," *id.*, ¶¶ 33.c, 50; the "passenger side airbag," *id.*, ¶ 33.d, 50.e; the "side airbag system," *id.*; the "passenger safety restraint system," *id.*, ¶ 47; "other safety features," *id.*, ¶¶ 15, 20; and "various components," *id.*, ¶¶ 15, 33.c, 50.c. Nowhere did Plaintiff specifically identify which defendant allegedly designed or manufactured which product or committed which cause of action regarding which product.

**2. Plaintiff's allegations fail to state a claim because they are facially implausible.**

Complaints that fail to meet the pleading standard established by Federal Rule of Civil Procedure 8(a)(2) should be dismissed for failure to state a claim. *See* FED. R. CIV. P. 12(b)(6). Rule 8 demands more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A pleading that offers "labels and conclusions or a formulaic recitation of the elements of a cause of action will not do . . . nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

Factual allegations must sufficiently "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Instead, a claim must have "facial plausibility." *Iqbal*, 556 U.S. at 678. To achieve facial plausibility, the plaintiff must plead "factual content" allowing the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Pleading facts that are "merely consistent with" a defendant's liability "stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quote omitted).

A court tasked with assessing the sufficiency of a plaintiff's complaint follows a two-step process. First, the court identifies statements that are "no more than conclusions" and "are not entitled to the assumption of truth." *Eclectic Props. East, LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 995-996 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 679). Second, the court "assume[s] the veracity" of "well-pleaded factual allegations" and "determine[s] whether they plausibly give rise to an entitlement for relief." *Id.* (quoting *Iqbal*, 556 U.S. at 679).

As it follows this process, a trial court in the Ninth Circuit should be guided by two principles. Number one, a complaint may not merely recite the elements of a cause of action. Instead, the complaint must "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Number two, the factual allegations "must plausibly" suggest "it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Eclectic Props. East, LLC*, 751 F.3d at 996 (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011), *cert. denied*, 566 U.S. 982(2012)) (providing both steps).

Plaintiff's pleading accuses ZF TRW AH—lumped together with the other 24 defendants—of the implausible: designing and manufacturing every part blamed by Plaintiff, including the entire vehicle (as a Hyundai vehicle it was clearly not manufactured by ZF TRW AH or any other defendant except one of the Hyundai entities); the airbag control unit (the computer that controls the airbag systems); one or all of the numerous airbag modules (the canisters containing the inflators and cloth airbags); one or all of the airbag systems (comprising of sensors, a control unit, airbag modules, connecting wires, and indicator lights); and one or all of the safety restraint systems (comprising both airbag systems and seat belt assemblies, including retractors, webbing, latch plates, buckles, pretensioners, sensors, wiring, and indicator lights). In the automotive industry, no one company ever designs and manufactures the vehicle and all the parts for which ZF TRW AH is blamed by Plaintiff. And it is impossible that every defendant each committed the same acts with respect to each blamed vehicle component as Plaintiff alleges in her complaint. Because it is not reasonable to draw an inference from Plaintiff's pleading that ZF TRW AH is liable for all the products Plaintiff blames and all the misconduct alleged, Plaintiff's pleading is facially implausible.

**3. Plaintiff's complaint improperly makes all allegations against all Defendants collectively.**

Plaintiff does not make a single legal or factual allegation against ZF TRW AH alone. Instead, she improperly makes all allegations against all Defendants. A plaintiff "cannot simply offer broad allegations against all of the defendants lumped together." *Middleton v. Parrish Snead Franklin Simpson, PLC*, Case No. 2:16-cv-01217-APG-GWF, 2017 U.S. Dist. LEXIS 26998, **4-5 (D. Nev. Feb. 27, 2017) (not published). Rather, the plaintiff "must give each defendant fair notice of the factual allegations asserted against

them individually." *Id.* (finding that pleading against all defendants collectively is "enough reason to dismiss the complaint"). *See also White v. NBS Default Servs., LLC*, No. 2:18-CV-1759-TLN-CMK, 2018 U.S. Dist. LEXIS 140132, *10 (E.D. Cal. Aug. 17, 2018) (not published) (indicating that pleading against defendants collectively is a pleading method that fails); *Major Tours, Inc. v. Colorel*, 720 F. Supp. 2d 587, 604-605 (D.N.J. 2010) (dismissing a complaint as "inadequate" and "fail[ing] to allege how these defendants were involved in the conduct" because the complaint "only refers to Defendants collectively").

**4. Plaintiff should not be allowed to amend.**

Plaintiff cannot fix her pleading problems through amendment because ZF TRW AH did not design, manufacture, or distribute any product, let alone any product that is the subject of Plaintiff's claims. *See* Ex A, Simons Decl. ¶ 5. Accordingly, Plaintiff has failed to state a claim and the Court should dismiss the entire Complaint as to ZF TRW AH pursuant to Rule 12(b)(6).

**Conclusion**

"The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-472 (1985) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945)). Without some meaningful relationship "among the defendant, the forum, and the litigation," *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984), there is no compelling or allowable basis for asserting jurisdiction. Due process also requires fair notice and without

/ / /

/ / /

/ / /

any specific factual or legal allegations against ZF TRW AH alone, Plaintiff's petition fails to state a claim. Accordingly, the Court should grant ZF TRW AH's motion to dismiss and award to ZF TRW AH any and all further relief to which it is justly entitled.

Dated this 13th day of October, 2020.

OLSON, CANNON, GORMLEY & STOBERSKI

*/s/ Michael E. Stoberski, Esq*
MICHAEL E. STOBERSKI
NV state bar. 004762
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
Tel. (702) 384-4012
mstoberski@ocgas.com

WEINSTEIN TIPPETTS & LITTLE LLP

DAVID R. TIPPETTS
Pro Hac Vice Forthcoming
THAD K. JENKS
Pro Hac Vice Forthcoming
7500 San Felipe, Suite 500
Houston, Texas 77063
Tel. (713) 244-0800
david.tippetts@wtllaw.com
thad.jenks@wtllaw.com

***Attorneys for Defendant ZF TRW Automotive Holdings Corp.***

**CERTIFICATE OF SERVICE**

I hereby certify that on this ***13th*** day of ***October, 2020***, a true and correct copy of the foregoing instrument was served on all counsel of record:

***Counsel for Plaintiff***
J. Randall Jones
Eric M. Pepperman
Joshua D. Carlson
KEMP JONES LLP
3800 Howard Hughes Parkway
Seventeenth Floor
Las Vegas, Nevada 89169
r.jones@kempjones.com

James L. Edwards
H. Stan Johnson
COHEN, JOHNSON, PARKER, EDWARDS
375 E. Warm Springs Rd., Suite 104
Las Vegas, Nevada 89119
Tel: (702) 823-3500
Fax: (702) 823-3400
jedwards@parkeredwards.com
sjohnson@cohenjohnsen.com

***Counsel for Defendant Hyundai Motors America, Inc.***
Paul G. Cereghini
BOWMAN AND BROOKE, LLP
Suite 1600, Phoenix Plaza
2901 Northn Central Avenue
Phoenix, Arizona 85012
Tel. (602) 643-2367
Fax: (602) 248-0947
paul.cereghini@bowmanandbrooke.com

Mario D. Valencia
Attorney at Law, LLC
40 South Stephanie Street, Suite 201
Henderson, Nevada 89012
Tel. (702) 384-7494

/s/ *Micheael E. Stoberski*
MICHAEL E. STOBERSKI, ESQ
NV state bar. 004762

***Attorneys for Defendants ZF TRW Automotive Holdings Corp.***

**INDEX OF EXHIBITS**

| | |
|---|---|
| Exhibit A | Declaration of Guy Simons |
| Exhibit B | *Mills* Order |
| Exhibit C | *Godoy v. BMW of N. Am. LLC* |
| Exhibit D | Complaint |