J. Randall Jones, Esq. (#1927)
Eric M. Pepperman, Esq. (#11679)
Joshua D. Carlson, Esq. (#11781)
KEMP JONES, LLP
3800 Howard Hughes Parkway
Seventeenth Floor
Las Vegas, Nevada 89169
Telephone:  (702) 385-6000
Facsimile:   (702) 385-6001
Email: r.jones@kempjones.com

James L. Edwards, Esq. (#4256)
Jedwards@parkeredwards.com
H. Stan Johnson, Esq. (#00265)
sjohnson@cohenjohsnon.com
COHEN JOHNSON PARKER EDWARD
375 E. Warm Springs Rd., Ste. 104
Las Vegas, Nevada 89119
Telephone:  (702) 823-3500
Facsimile:   (702) 823-3400

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| M.S., a minor individual, by Guardian VALERIE SANDERS,<br><br>Plaintiff,<br><br>vs.<br><br>HYUNDAI MOTOR AMERICA, a California business entity; HYUNDAI MOTOR COMPANY, a Korean corporation; TAKATA CORPORATION, a Japanese corporation; ZF TRW AUTOMOTIVE HOLDINGS CORP., a Delaware Corporation; ZF FRIEDRICHSHAFEN AG, a German Corporation; ROE AIRBAG MANUFACTURING COMPANY; DOE INDIVIDUALS I through XXX and ROE CORPORATIONS XXXI through LX,<br><br>Defendants. | Case No.:  2:20-cv-01861-GMN-BNW<br><br>**STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**[SPECIAL SCHEDULING REVIEW REQUESTED]** |

1

Plaintiff M.S., a minor individual, by Guardian VALERIE SANDERS ("Plaintiff"), by and through their counsel of record and Defendants HYUNDAI MOTOR AMERICA ("Defendant"), by and through their counsel of record, hereby submit this Joint Discovery Plan and Scheduling Order pursuant to Federal Rule of Civil Procedure 26(f) and District of Nevada Local Rule 26-1.

## I. INTRODUCTION

Pursuant to Fed. R. Civ. P. 26(f) and LR 26-1, on November 24, 2020, Joshua D. Carlson of the law firm of Kemp Jones, LLP, counsel for Plaintiff, and Jeffrey C. Warren and Charles M. Seby of the law firm of Bowman and Brooke LLP, as well as Mario D. Valencia of the law firm Attorney At Law, LLC, counsel for Defendant, participated telephonically in a discovery and scheduling conference.

## II. DISCOVERY PLAN AND SCHEDULE

### A. Initial Disclosures (Fed. R. Civ. P. 26(f)(3)(A))

The parties will exchange their Fed. R. Civ. P. 26(a)(1) initial disclosure statements by **December 8, 2020**, or 14 days from the date of the Fed. R. Civ. P. 26(f) conference.

### B. Subjects on Which Discovery May Be Needed (Fed. R. Civ. P. 26(f)(3)(B))

This action arises out of an incident involving a 2012 Hyundai Elantra vehicle identified by Vehicle Identification Number ("VIN") KMHDH4AEOCU442118. Plaintiff M.S. allegedly was a passenger in this vehicle when it was struck on the front left panel by a 2017 Chevrolet Impala that ran a red light. Plaintiff alleges that certain airbags in the Elantra did not deploy and that other safety features did not function properly. Plaintiff alleges that, as a result, M.S. was listed in critical condition and suffered a brain injury. Plaintiff further alleges that M.S. has lost his ability to speak.

The vehicle at issue is comprised of numerous components and sub-components. The specific components at issue in this case have yet to be identified, but will be determined through discovery, including expert discovery.

The parties anticipate there being discovery of HMC, HMA and third-party suppliers concerning the design, testing and manufacturing of the components at issue.  The parties also anticipate needing to conduct discovery of all individuals involved in the crash, eyewitnesses to

the crash, first responders, and Plaintiff's medical providers. The parties also anticipate significant expert discovery.

All parties reserve the right to object to any discovery on any grounds permitted by the Federal Rules of Civil Procedure.

The parties do not believe that discovery will need to be conducted in phases or limited to particular issues.

**C. Disclosure or Discovery of Electronically Stored Information ("ESI") (Fed. R. Civ. P. 26(f)(3)(C)) and LR 26-1(b)(8))**

The parties do not anticipate issues anticipate any disputes about the disclosure, discovery, or preservation of ESI. The parties have agreed to meet and confer to attempt to resolve any future ESI issues that may arise.

**D. Claims of Privilege or of Protection (Fed. R. Civ. P. 26(f)(3)(D))**

The parties do not anticipate any disputes about claims of privilege or of protection as trial-preparation materials. However, the parties have agreed to meet and confer to attempt to resolve any privilege or attorney work product issues that may arise.

**E. Proposed Changes to the Limitations on Discovery imposed under the rules or local rules (Fed. R. Civ. P. 26(f)(3)(E))**

1.   **Written discovery:**

   a)   **Response time.**

The parties agree that HMA shall have an additional 60 days in addition to the time permitted under the Federal Rules of Civil Procedure (*i.e.*, a total of 90 days) from the date service is effectuated to respond to written discovery requests, including interrogatories, requests for production, and requests for admission. Similarly, if a document request, or other discovery, is served on HMC, HMC shall have 90 days from the date service is effectuated to serve a written response.

2.   **Depositions:**

   a)   **Depositions under Rule 30(b)(6) or other company employees.**

Plaintiff shall provide 90 days' written notice for depositions under Rule 30(b)(6) or a deposition of any employee(s) of HMA or HMC.

3

### b)	Videoconference Depositions

Any party may attend a deposition via videoconference, provided that the deposition is scheduled to begin and conclude during the normal business hours where the deponent is located. In addition, HMA's counsel will most likely attend any deposition of any Hyundai employee in person, regardless of whether the deposition is noticed for videoconference. This is necessary because foreign witnesses are likely unfamiliar with U.S. deposition procedures and may insist on having representation present, in-person, at the deposition. As such, the parties agree to work together to accommodate the travel schedules of any attorney, if needed.

### c)	Number of Depositions

The parties stipulate to taking 20 fact depositions per side, in addition to the depositions of the parties' expert witnesses. The parties agree to meet and confer if a party desires to take more than 20 fact depositions, and further agree that a party may exceed 20 depositions with the consent of the other parties. If a dispute arises with a party seeking to take more than 20 fact witness depositions, the parties reserve the right pursuant to Fed. R. Civ. P. 30(a)(2)(A) to seek leave of the Court to conduct more than 20 fact depositions.

**F. Other Orders (Fed. R. Civ. P. 26(f)(3)(F))**

**1. Discovery Cut-Off Date (Fed. R. Civ. P. 26(f)(3)(A) and LR-26(b)(1)).**

Defendant first appeared in this action on October 12, 2020, and, under the standard 180-day discovery period, the discovery cut-off date would fall on Monday, April 12, 2021. *See* LR 26-1(b)(1). However, rather than the standard 180-day deadline, the parties respectfully request an extended discovery period of 365 days from the date that Defendant filed its answer to complete discovery, or **Tuesday, October 12, 2021.**

This is an automotive product liability action involving complex technical and scientific claims of a vehicle design related to a 2012 Hyundai Elantra. A longer discovery period is needed because it will take time for the parties to analyze the highly technical issues and evidence involved. In addition, HMA's parent company, Hyundai Motor Company ("HMC"), is located in South Korea. HMC is not a served party to this action but is responsible for the design and manufacture of the subject vehicle. The parties anticipate that design and testing documents will

be requested from HMC in South Korea. It will take time to gather requested documents in South Korea and many documents may need to be translated into English.

The parties anticipate that critical company witnesses who reside in South Korea may be called to testify. Once the appropriate witness (or witnesses) are identified, counsel for Hyundai will have to travel to South Korea for the depositions, while counsel for Plaintiff reserve the right to attend by video conference. This will require additional coordination of schedules, the retention of acceptable translators, and potential delays due to COVID-19 related travel restrictions. In addition, any depositions which occur in South Korea will need to be scheduled with ample notice because the witnesses are most likely very busy with their regular work responsibilities, which will need to be adjusted in order to accommodate the depositions. HMA desires to have its U.S. counsel present in South Korea for the deposition of any company witness, because the witnesses are likely unfamiliar with U.S. deposition procedures. For these reasons, the parties anticipate that it will take more time to take certain depositions, to obtain certain documents, and to review certain documents, than in a case with witnesses and documents located domestically.

The parties believe that 365 days of discovery is necessary due to: (1) the complex nature of the product defect claims asserted in this matter, which will likely warrant significant expert investigation and discovery; (2) the parties anticipate retaining multiple experts[1] for each side (including potentially accident reconstruction, biomechanics, vehicle design and testing, warnings, human factors, statistics, etc.); (3) the parties are stipulating to take up to 20 fact depositions per side; (4) any further impact on discovery that has been and will be caused by COVID-19 restrictions, the holidays, and the parties' and counsel's varying unavailability during that time period.

///

---

[1] Experts will need to conduct scene inspections, vehicle inspections, and testing. Coordinating the schedules of multiple experts and conducting data analysis and testing in this case will likely take several months before the experts are able to prepare reports. In addition, the parties anticipate the need for experts to address damages issues. The depositions of the liability and damages experts will require additional coordination of schedules, which will cause additional delay.  The parties will also depose the various treating physicians.

**2. Amending the Pleadings and Adding Parties (LR 26-1(b)(2)).**

The parties propose that the deadline for filing motions to amend the pleadings or adding parties shall be 90 days before the close of discovery, and therefore, not later than **Wednesday, July 14, 2021**. The Court will consider modifying this deadline depending on when Defendants are required, if at all, to file their Answer(s).

**3. Expert Disclosures (Fed. R. Civ. P. 26(a)(2) and LR-1(b)(3)).**

The parties agree that the designation of experts should be staggered with Plaintiff's experts' reports and disclosures due 90 days before the last day of discovery, Defendant's experts' reports and disclosures are due 30 days thereafter, and rebuttal experts' reports and disclosures are due 30 days thereafter. Thus, the expert disclosure deadlines are as follows:

a) Plaintiff's expert disclosures: **Wednesday, July 14, 2021**

b) Defendant's expert disclosures: **Friday, August 13, 2021**

c) Rebuttal expert disclosures: **Monday, September 12, 2021**

**4. Dispositive Motions/Pre-Hearing Briefs (LR 26-1(b)(4)).**

The parties shall file their respective dispositive motions/pre-hearing briefs 30 days after the discovery cut-off date, and therefore, not later than **Thursday, November 11, 2021.**

**5. Pretrial Order (LR 26-1(b)(5)).**

If no dispositive motions are filed, and unless otherwise ordered by this Court, the Joint Pretrial Order shall be filed 30 days after the dispositive-motion deadline, and therefore, not later than **Monday, December 13, 2021**. In further accordance with LR 26-1(b)(5), if dispositive motions are filed, the deadline for filing the joint pretrial order will be suspended until 30 days after the decision on the dispositive motions or further court order.

**6. Pretrial Disclosures (Fed. R. Civ. P. 26(a)(3) and LR 26-1(b)(6)).**

The parties have agreed that the disclosures required by Fed. R. Civ. P. 26(a)(3) (pretrial disclosures), and any objection thereto, will be included in the Pretrial Order. No changes are necessary in the form or requirement for pretrial disclosures under Fed. R. Civ. P. 26(a).

///

**7. Alternative Dispute Resolution (LR-(b)(7)).**

The parties certify pursuant to LR 26-1(b)(7) that they have met and conferred about the possibility of using alternative dispute-resolution processes, including mediation, arbitration, and early-neutral evaluation, and have elected to forego such alternative dispute resolution at this time. The parties anticipate meeting and conferring about engaging in a private mediation at a later date.

**8. Alternative Forms of Case Disposition (LR 26-1(b)(8)).**

The parties certify pursuant to LR 26-1(b)(8) that they considered and declined consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program (General Order 2013-01).

**9. Electronic Evidence (LR 26-1(b)(9))**

As required under District of Nevada Local Rule 26-1(b)(9), the parties certify that they discussed whether they intend to present evidence in electronic format to jurors for the purposes of jury deliberations. The parties shall meet and confer further on this topic, including in an effort to reach stipulations regarding providing discovery in an electronic format compatible with the Court's electronic jury evidence display system.

**10. Extensions or Modifications of the Discovery Plan and Scheduling Order.**

In accordance with LR 26-3, any motion or stipulation for modification or extension of this discovery plan and scheduling order, or other order, must be made no later than 21 days prior to the subject deadlines. A request made within 21 days of the subject deadline must be supported by a showing of good cause.

**11. Preservation Order**

Plaintiff is still in communication with the towing company that currently possesses the vehicles at issue (2012 Hyundai Elantra and 2017 Chevrolet Impala) and is working to acquire and preserve them for the case. Should Plaintiff's efforts fail given the towing company's failure to negotiate in good faith, the parties will seek a preservation order from the Court.

///

### III. **FED. R. CIV. P. 26(c) PROTECTIVE ORDER**

The parties will submit a proposed protective order regarding disclosure and discovery of confidential information for the Court's review and approval. The parties further agree to meet and confer to attempt to resolve any issues with the protective order that may arise.

DATED this 1st day of December, 2020.

| | |
|---|---|
| BOWMAN AND BROOKE LLP | KEMP JONES, LLP |
| By: /s/ Charles M. Seby | By: /s/ J. Randall Jones |
| PAUL G. CEREGHINI, ESQ.<br>NV Bar No. 10000<br>CHARLES M. SEBY, ESQ.<br>NV Bar No. 15459<br>Suite 1600, Phoenix Plaza<br>2901 North Central Avenue<br>Phoenix, Arizona 85012-2761 | J. RANDALL JONES, ESQ. (# 1927)<br>ERIC M. PEPPERMAN, ESQ. (#11679)<br>JOSHUA D. CARLSON, ESQ. (#11781)<br>3800 Howard Hughes Parkway<br>Seventeenth Floor<br>Las Vegas, Nevada 89169<br><br>*Attorneys for Plaintiff* |
| MARIO D. VALENCIA, ESQ.<br>NV Bar No. 6154<br>40 S. Stephanie St., Ste. 201<br>Henderson, Nevada 89012 | |
| *Attorneys for Defendant Hyundai Motor America* | |

### ORDER

IT IS ORDERED that the parties' proposed discovery plan and scheduling order ("DPSO") is GRANTED. The Court does not normally grant discovery periods as lengthy as the one sought here. But given the nature of this case, the extended period is appropriate. Still, the Court instructs the parties that given the length of this initial discovery period, the Court will not be inclined to grant much additional time should the parties stipulate or move for that relief.

**IT IS SO ORDERED**

**DATED:** 1:52 pm, December 04, 2020

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**