# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| M.S., a minor, *by guardian* Valerie Sanders, | Case No. 2:20-cv-01861-GMN-BNW |
| Plaintiff, | **Order re [36]** |
| v. | |
| Hyundai Motor America, et al., | |
| Defendants. | |

Before the Court is defendant Hyundai Motor America's ("HMA") motion requesting a preservation order. ECF No. 36. The court notes HMA's motion was served on Fast Towing, Inc., a non-party who is currently in possession, custody, or control of the 2017 Chevrolet Impala that HMA seeks to preserve. ECF No. 38. But there has been no response to HMA's motion.

The incident underlying the present lawsuit occurred in Las Vegas on May 19, 2018. *See* ECF No. 8-1 at 6. While intoxicated, nonparty Jonathan Jackson drove his 2017 Chevrolet Impala (VIN 2G1105S34H9112609) into a 2012 Hyundai Elantra in which plaintiff M.S. was an occupant. *See id.* at 6–7. The impact caused damage severe enough to total both vehicles. The Impala and Elantra were both towed from the crash scene by Fast Towing. *Id.*

After having attempted to contact Fast Towing several times, Fast Towing communicated to HMA that it is prepared to "crush" the 2017 Chevrolet Impala at a salvage yard if HMA does not pay $15,000 for it. HMA is not willing to purchase the vehicle at that price and seeks an order from this Court ordering Fast Towing to preserve it until the parties can conduct an inspection. HMA explains this is necessary so as to not lose key information relating to the subject incident and any questions that may ensue in terms of damages. This court issued a minute order soon

after the underlying motion was filed ordering Fast Towing to preserve the vehicle until this motion was resolved. ECF No. 37.

The Court now grants HMA's motion and will order Fast Towing to preserve this vehicle for 60 days from today's date. The parties are ordered to conduct the inspection within the next 60 days, and HMA is ordered to pay the reasonable cost of storage.

### **Discussion**

The court has the inherent authority to order a third party to preserve evidence, provided it does so with restraint and discretion. *Bright Solutions for Dyslexia, Inc. v. Doe*, 2015 WL 5159125, at *2 (N.D. Cal. Sept. 2, 2015); *accord*, *Arkin v. Gracey-Danna, Inc*., 2016 WL 3959611, at *1 (M.D. Fla. July 22, 2016); *Deggs v. Fives Bronx, Inc*., 2020 WL 3100023, at *2 (M.D. La. June 11, 2020).

Before a preservation order is issued, the movant must show that there is a significant concern that potentially relevant evidence will be destroyed, thereby causing harm to the movant. *CenturyLink, Inc. v. Alpine Audio Now, LLC*, 2016 WL 192291 at *1 (D. Colo. Jan. 15, 2016). "In determining whether a preservation order is necessary to reinforce a party's pre-existing duty to preserve evidence, courts have considered: '(1) the level of concern the court has for the continuing existence and maintenance of the integrity of the evidence in question in the absence of an order directing preservation of the evidence; (2) any irreparable harm likely to result to the party seeking the preservation of the evidence absent an order directing preservation; and (3) the capability of an individual, entity, or party to maintain the evidence sought to be preserved.'" *Bright Solutions for Dyslexia, Inc.*, 2015 WL 5159125 at *6-7 (citing *Echostar Satellite LLC v. Freetech, Inc*., 2009 WL 8399038, at *2 (N.D. Cal. Jan. 22, 2009)).

As applied here, the court finds that, absent a preservation order, there is a significant possibility that Fast Towing may not "maintain the integrity of the evidence in question," since it is not a party to the underlying action, has no duty to do so, and has already communicated an intent to "crush" it.

Next, the court finds that if the vehicle is not preserved, the Defendant will suffer irreparable harm because it will not be able to obtain information relevant to potential liability issues and/or the aspects of the case that may deal with damages.

Finally, the court is confident that Fast Towing is capable of maintaining the evidence sought to be preserved at minimal burden and cost, especially given the Defendant is willing to pay for reasonable costs going forward to have the vehicle placed in a protected storage. To the extent Fast Towing is interested in selling the vehicle (as it has seemingly attempted to sell it to Defendant) this court determines that, on balance, ordering Fast Towing to preserve the vehicle (and not sell it) for 60 days while allowing Defendant to conduct the inspection properly accounts for the different interests at stake. While the court is cognizant of the constraint imposed by COVID-19 it is not clear why this inspection cannot be performed within the next 60 days.

### Conclusion

**IT IS THEREFORE ORDERED** that Fast Towing shall preserve the 2017 Chevrolet Impala (VIN 2G1105S34H9112609) in question and work with Defendant to properly store the vehicle and allow access to it for purposes of an inspection.

**IT IS FURTHER ORDERED** that Defendant shall pay the reasonable costs associated with storing the vehicle over the next 60 days.

DATED: February 16, 2021.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE