# EXHIBIT 1

# EXHIBIT 1

**ORIGINAL**

1  GPA
   STEVEN B. WOLFSON
2  Clark County District Attorney
   Nevada Bar #001565
3  ROBERT A. STEPHENS
   Chief Deputy District Attorney
4  Nevada Bar #011286
   200 Lewis Avenue
5  Las Vegas, NV 89155-2212
   (702) 671-2500
6  Attorney for Plaintiff

FILED IN OPEN COURT
STEVEN D. GRIERSON
CLERK OF THE COURT

FEB 07 2019

BY, *Kristen Brown*
KRISTEN BROWN, DEPUTY

DISTRICT COURT
CLARK COUNTY, NEVADA

C-19-337828-1
GPA
Guilty Plea Agreement
4814786

THE STATE OF NEVADA,

Plaintiff,

-vs-

JONATHON ANTHONY JACKSON,
#7765526

Defendant.

CASE NO: C-19-337828-1

DEPT NO: XXX

## GUILTY PLEA AGREEMENT

I hereby agree to plead guilty to: **DRIVING UNDER THE INFLUENCE RESULTING IN SUBSTANTIAL BODILY HARM (Category B Felony - NRS 484C.110, 484C.430, 484C.105 - NOC 53906)**, as more fully alleged in the charging document attached hereto as Exhibit "1".

My decision to plead guilty is based upon the plea agreement in this case which is as follows:

The State will retain the right to argue. I agree to pay restitution.

I agree to the forfeiture of any and all weapons or any interest in any weapons seized and/or impounded in connection with the instant case and/or any other case negotiated in whole or in part in conjunction with this plea agreement.

I understand and agree that, if I fail to interview with the Department of Parole and Probation, fail to appear at any subsequent hearings in this case, or an independent magistrate, by affidavit review, confirms probable cause against me for new criminal charges including

reckless driving or DUI, but excluding minor traffic violations, the State will have the unqualified right to argue for any legal sentence and term of confinement allowable for the crime(s) to which I am pleading guilty, including the use of any prior convictions I may have to increase my sentence as an habitual criminal to five (5) to twenty (20) years, life without the possibility of parole, life with the possibility of parole after ten (10) years, or a definite twenty-five (25) year term with the possibility of parole after ten (10) years.

Otherwise I am entitled to receive the benefits of these negotiations as stated in this plea agreement.

## CONSEQUENCES OF THE PLEA

I understand that by pleading guilty I admit the facts which support all the elements of the offense(s) to which I now plead as set forth in Exhibit "1".

I understand that as a consequence of my plea of guilty the Court must sentence me to imprisonment in the Nevada Department of Corrections for a minimum term of not less than TWO (2) years and a maximum term of not more than TWENTY (20) years. The minimum term of imprisonment may not exceed forty percent (40%) of the maximum term of imprisonment. I understand that I may also be fined up to $10,000.00. I understand that the law requires me to pay an Administrative Assessment Fee.

I understand that, if appropriate, I will be ordered to make restitution to the victim of the offense(s) to which I am pleading guilty and to the victim of any related offense which is being dismissed or not prosecuted pursuant to this agreement. I will also be ordered to reimburse the State of Nevada for any expenses related to my extradition, if any.

I understand that I am **Not** eligible for probation for the offense to which I am pleading guilty. I understand that, except as otherwise provided by statute, the question of whether I receive probation is in the discretion of the sentencing judge.

I understand that I must submit to blood and/or saliva tests under the Direction of the Division of Parole and Probation to determine genetic markers and/or secretor status.

///

///

2

I understand that if I am pleading guilty to charges of Burglary, Invasion of the Home, Possession of a Controlled Substance with Intent to Sell, Sale of a Controlled Substance, or Gaming Crimes, for which I have prior felony conviction(s), I will not be eligible for probation and may receive a higher sentencing range.

I understand that if more than one sentence of imprisonment is imposed and I am eligible to serve the sentences concurrently, the sentencing judge has the discretion to order the sentences served concurrently or consecutively.

I understand that information regarding charges not filed, dismissed charges, or charges to be dismissed pursuant to this agreement may be considered by the judge at sentencing.

I have not been promised or guaranteed any particular sentence by anyone. I know that my sentence is to be determined by the Court within the limits prescribed by statute.

I understand that if my attorney or the State of Nevada or both recommend any specific punishment to the Court, the Court is not obligated to accept the recommendation.

I understand that if the offense(s) to which I am pleading guilty was committed while I was incarcerated on another charge or while I was on probation or parole that I am not eligible for credit for time served toward the instant offense(s).

I understand that if I am not a United States citizen, any criminal conviction will likely result in serious negative immigration consequences including but not limited to:

1. The removal from the United States through deportation;
2. An inability to reenter the United States;
3. The inability to gain United States citizenship or legal residency;
4. An inability to renew and/or retain any legal residency status; and/or
5. An indeterminate term of confinement, with the United States Federal Government based on my conviction and immigration status.

Regardless of what I have been told by any attorney, no one can promise me that this conviction will not result in negative immigration consequences and/or impact my ability to become a United States citizen and/or a legal resident.

///

I understand that the Division of Parole and Probation will prepare a report for the sentencing judge prior to sentencing. This report will include matters relevant to the issue of sentencing, including my criminal history. This report may contain hearsay information regarding my background and criminal history. My attorney and I will each have the opportunity to comment on the information contained in the report at the time of sentencing. Unless the District Attorney has specifically agreed otherwise, the District Attorney may also comment on this report.

## WAIVER OF RIGHTS

By entering my plea of guilty, I understand that I am waiving and forever giving up the following rights and privileges:

1. The constitutional privilege against self-incrimination, including the right to refuse to testify at trial, in which event the prosecution would not be allowed to comment to the jury about my refusal to testify.

2. The constitutional right to a speedy and public trial by an impartial jury, free of excessive pretrial publicity prejudicial to the defense, at which trial I would be entitled to the assistance of an attorney, either appointed or retained. At trial the State would bear the burden of proving beyond a reasonable doubt each element of the offense(s) charged.

3. The constitutional right to confront and cross-examine any witnesses who would testify against me.

4. The constitutional right to subpoena witnesses to testify on my behalf.

5. The constitutional right to testify in my own defense.

6. The right to appeal the conviction with the assistance of an attorney, either appointed or retained, unless specifically reserved in writing and agreed upon as provided in NRS 174.035(3). I understand this means I am unconditionally waiving my right to a direct appeal of this conviction, including any challenge based upon reasonable constitutional, jurisdictional or other grounds that challenge the legality of the proceedings as stated in NRS 177.015(4). However, I remain free to challenge my conviction through other post-conviction remedies including a habeas corpus petition pursuant to NRS Chapter 34.

## VOLUNTARINESS OF PLEA

I have discussed the elements of all of the original charge(s) against me with my attorney and I understand the nature of the charge(s) against me.

///

I understand that the State would have to prove each element of the charge(s) against me at trial.

I have discussed with my attorney any possible defenses, defense strategies and circumstances which might be in my favor.

All of the foregoing elements, consequences, rights, and waiver of rights have been thoroughly explained to me by my attorney.

I believe that pleading guilty and accepting this plea bargain is in my best interest, and that a trial would be contrary to my best interest.

I am signing this agreement voluntarily, after consultation with my attorney, and I am not acting under duress or coercion or by virtue of any promises of leniency, except for those set forth in this agreement.

I am not now under the influence of any intoxicating liquor, a controlled substance or other drug which would in any manner impair my ability to comprehend or understand this agreement or the proceedings surrounding my entry of this plea.

My attorney has answered all my questions regarding this guilty plea agreement and its consequences to my satisfaction and I am satisfied with the services provided by my attorney.

DATED this _____ day of February, 2019.

_____
JONATHON ANTHONY JACKSON
Defendant

AGREED TO BY:

_____
ROBERT A. STEPHENS
Chief Deputy District Attorney
Nevada Bar #011286

CERTIFICATE OF COUNSEL:

I, the undersigned, as the attorney for the Defendant named herein and as an officer of the court hereby certify that:

1. I have fully explained to the Defendant the allegations contained in the charge(s) to which guilty pleas are being entered.

2. I have advised the Defendant of the penalties for each charge and the restitution that the Defendant may be ordered to pay.

3. I have inquired of Defendant facts concerning Defendant's immigration status and explained to Defendant that if Defendant is not a United States citizen any criminal conviction will most likely result in serious negative immigration consequences including but not limited to:

   a. The removal from the United States through deportation;

   b. An inability to reenter the United States;

   c. The inability to gain United States citizenship or legal residency;

   d. An inability to renew and/or retain any legal residency status; and/or

   e. An indeterminate term of confinement, by with United States Federal Government based on the conviction and immigration status.

   Moreover, I have explained that regardless of what Defendant may have been told by any attorney, no one can promise Defendant that this conviction will not result in negative immigration consequences and/or impact Defendant's ability to become a United States citizen and/or legal resident.

4. All pleas of guilty offered by the Defendant pursuant to this agreement are consistent with the facts known to me and are made with my advice to the Defendant.

5. To the best of my knowledge and belief, the Defendant:

   a. Is competent and understands the charges and the consequences of pleading guilty as provided in this agreement,

   b. Executed this agreement and will enter all guilty pleas pursuant hereto voluntarily, and

   c. Was not under the influence of intoxicating liquor, a controlled substance or other drug at the time I consulted with the Defendant as certified in paragraphs 1 and 2 above.

Dated: This 7 day of February, 2019.

_____ #14879
MICHAEL CASTILLO, ESQ.

erg/L-5

6

Electronically Filed
2/5/2019 10:16 AM
Steven D. Grierson
CLERK OF THE COURT

1  INFM
   STEVEN B. WOLFSON
2  Clark County District Attorney
   Nevada Bar #001565
3  ROBERT A. STEPHENS
   Chief Deputy District Attorney
4  Nevada Bar #011286
   200 Lewis Avenue
5  Las Vegas, Nevada 89155-2212
   (702) 671-2500
6  Attorney for Plaintiff

7  I.A. 2/7/19                    DISTRICT COURT
   10:00 A.M.                  CLARK COUNTY, NEVADA
8  M. CASTILLO, ESQ.

9  THE STATE OF NEVADA,
10         Plaintiff,            CASE NO:   C-19-337828-1
11     -vs-                      DEPT NO:   XXX
12  JONATHON ANTHONY JACKSON,
    #7765526
13                                INFORMATION
           Defendant.
14

15  STATE OF NEVADA    )
                       ) ss.
16  COUNTY OF CLARK    )

17         STEVEN B. WOLFSON, District Attorney within and for the County of Clark, State
18  of Nevada, in the name and by the authority of the State of Nevada, informs the Court:
19         That JONATHON ANTHONY JACKSON, the Defendant(s) above named, having
20  committed the crime of **DRIVING UNDER THE INFLUENCE RESULTING IN**
21  **SUBSTANTIAL BODILY HARM (Category B Felony - NRS 484C.110, 484C.430,**
22  **484C.105 - NOC 53906)**, on or about the 19th day of May, 2018, within the County of Clark,
23  State of Nevada, contrary to the form, force and effect of statutes in such cases made and
24  provided, and against the peace and dignity of the State of Nevada, did then and there willfully
25  and unlawfully drive and/or be in actual physical control of a vehicle on a highway or on
26  premises to which the public has access at East Washburn Road and 5th Street, North Las
27  Vegas, Clark County, Nevada, Defendant being responsible in one or more of the following
28  ways and/or under one or more of the following theories, to wit: 1) while under the influence

W:\2018\2018F\132\28\18FN1328-INFM-(JACKSON__JONATHON)-001.DOCX

*EXHIBIT "1"*

1. of intoxicating liquor to any degree, however slight, which rendered him incapable of safely
2. driving and/or exercising actual physical control of a vehicle; 2) while he had a concentration
3. of alcohol of .08 or more in his blood and/or 3) when he was found by measurement within
4. two (2) hours after driving and/or being in actual physical control of a vehicle to have a
5. concentration of alcohol of .08 or more in his blood, Defendant, while driving and/or in actual
6. physical control of a vehicle, failing to pay full time and attention to his driving, failing to
7. exercise due care, and/or failing to drive in a careful and prudent manner, which acts, or neglect
8. of duties, proximately caused the vehicle Defendant was driving and/ in actual physical control
9. of, to strike and collide with a vehicle being driven or occupied by M.S., said collision
10. proximately causing substantial bodily harm to M.S.

STEVEN B. WOLFSON
Clark County District Attorney
Nevada Bar #001565

BY /s/
ROBERT A. STEPHENS
Chief Deputy District Attorney
Nevada Bar #011286

18FN1328X/erg/L-5
NLVPD EV#1809425
(TK)

# District Court

CLARK COUNTY, NEVADA

| | |
|---|---|
| THE STATE OF NEVADA,<br>　　　　　　　　Plaintiff,<br><br>　　　　-vs-<br><br>JONATHON ANTHONY JACKSON,<br>#7765526<br>　　　　　　　　Defendant. | CASE NO:　　C-19-337***-1<br><br>DEPT NO: |

## DUI ADMONISHMENT OF RIGHTS

I am the Defendant in this case. At this time, I am charged with willfully and unlawfully driving and/or being in actual physical control of a motor vehicle on a highway or on premises to which the public has access in the County of Clark, State of Nevada, while under the influence of intoxicating liquor; AND/OR a controlled substance; AND/OR a prohibited substance; AND/OR while having a concentration of alcohol of 0.08 or more in my blood or breath; AND/OR while having a concentration of alcohol of 0.08 or more in my blood or breath within two hours after driving or being in actual physical control of a motor vehicle, in violation of NRS 484.379.

**I AM AWARE THAT I HAVE EACH OF THE FOLLOWING RIGHTS AND THAT I WILL BE WAIVING THESE RIGHTS IF I PLEAD GUILTY OR NOLO CONTENDERE:**

1. The right to a speedy trial;
2. The right to require the State to prove the charge(s) against me beyond a reasonable doubt;
3. The right to confront and question all witnesses against me;
4. The right to subpoena witnesses on my behalf and compel their attendance;
5. The right to remain silent and not be compelled to testify if there were a trial; and
6. The right to appeal my conviction except on constitutional or jurisdictional grounds.

**I AM ALSO AWARE THAT BY PLEADING GUILTY OR NOLO CONTENDERE I AM ADMITTING THE STATE COULD FACTUALLY PROVE THE CHARGE[S] AGAINST ME. I AM ALSO AWARE THAT MY PLEA OF GUILTY OR NOLO CONTENDERE MAY HAVE THE FOLLOWING CONSEQUENCES:**

1. I understand the State will use this conviction, and any other conviction from this or any other State which prohibits the same or similar conduct to enhance the penalty for any subsequent offense;
2. I understand that, as a consequence of my plea of guilty or nolo contendere, if I am not a citizen of the United States, I may, in addition to other consequences provided by law, be removed, deported or excluded from entry into the United States or denied naturalization;
3. I understand that sentencing is entirely up to the court and the following range of penalties for committing the offense described above will apply:

### FIRST OFFENSE WITHIN 7 YEARS (MISDEMEANOR):

At least 2 days, but not more than 6 months in the Clark County Detention Center or at least 48 hours, but not more than 96 hours of community service; a fine of not less than $400 nor more than $1,000 in addition to certain fees and assessments that are required by statute; required attendance at DUI school with tuition required to be paid by me; required attendance at the Victim Impact Panel. If I was found to have a concentration of alcohol of 0.18 or more in my blood or breath or if I was under 21 years of age when I committed this violation, the Court must, before sentencing, require an alcohol/drug dependency evaluation, and I will be assessed a $100 fee. The Court may order a Breath Interlock Device installed on any vehicle I own or operate for not less than 3 months nor more than 6 months at y own expense, if I was found to have had a concentration of alcohol of less than 0.18 in my blood or breath; the Court may order me, for a period determined by the Court, to install at my own expense Breath Interlock Device in any motor vehicle which I own or operate as a condition of reinstatement of my driving privilege; and, if I was found to have had a concentration of alcohol of 0.18 or more in my blood or breath, the Court must order a Breath Interlock Device installed on any vehicle that I own or operate for a period of not less than 12 months nor more than 36 months. Further, the Department of Motor Vehicles will revoke or suspend my driver's license for at least 90 days and impose a $35 civil penalty. Also, if I was found to have a concentration of alcohol of 0.18 or more in my blood or breath, I will be required to attend a program of treatment for the abused of alcohol or drugs.

### SECOND OFFENSE WITHIN 7 YEARS (MISDEMEANOR):

At least 10 days, but not more than 6 months in the Clark County Detention Center or in residential confinement; a fine of not less than $750 nor more than $1000, in addition to certain fees and assessments that are required by statute, or an equivalent number of hours of community service; and required attendance at the Victim Impact Panel. In addition, the Court must, before sentencing, require an alcohol/drug dependency evaluation, and I will be assessed a $100 fee. Further, the Department of Motor Vehicles will revoke or suspend my driver's license for at least 1 year, impose a $35 civil penalty, and suspend my registration for at least five days. Additionally, if I was found to have had a concentration of alcohol of less than 0.18 in my blood or breath, the Court may order me, for a period of not less than 3 months nor more than 6 months, to install at my own expense a Breath Interlock Device in any motor vehicle which I own or operate as a condition of reinstatement of my driving privilege; if I was found to have had a concentration of alcohol of 0.18 or more in my blood or breath, the Court *must order me to install, for a period of not less than 12 months nor 36 months,* a Breath Interlock Device in any motor vehicle which I own or operate as a condition to obtaining a restricted license or as a condition of reinstatement of my diving privilege.

EXHIBIT " 2 "

Exhibit 1 - 009

DUI ADMONISHMENT OF RIGHTS (CONTD)        CASE NO. C-19-337***-1

Also, the Court must order me to attend a program of treatment for the abuse of alcohol or drugs.

### THIRD OFFENSE OR ANY SUBSEQUENT OFFENSE WITHIN 7 YEARS (FELONY):

Incarceration in the Nevada Department of Corrections for a non-probationable sentence of at least 1 year, but not more than 6 years; a fine of not less than $2,000 nor more than $5,000, in addition to certain fees and assessments that are required by statute; and required attendance at the Victim Impact Panel. The Court must order a breath interlock device installed on any vehicle I own or operate for not less than 12 months nor more than 36 months upon my release from prison at my expense. Further, the Department of Motor Vehicles will revoke or suspend my driver's license for at least 3 years, impose a $35 civil penalty, and suspend my registration for at least five days. Before sentencing, the Court must also require me to be evaluated to determine whether I am an abuser of alcohol or drugs and whether I can me treated successfully for that condition.

### SPECIAL WARNING

A person who has previously been convicted of: (a) A violation of NRS 484.379 that is punishable as a felony pursuant to paragraph (c) of subsection 1; (b) A violation of NRS 484.3795; (c) A homicide resulting from driving or being in actual physical control of a vehicle while under the influence of intoxicating liquor or controlled substance or resulting from any other conduct prohibited by NRS 484.379 or 484.3795; or (d) A violation of a law or any other jurisdiction that prohibits the same or similar conduct as set forth in paragraph (a), (b) Nevada State Prison for a non-probationable sentence of at least 2 years, but not more than 15 years, and shall be further punished by a fine of not less than $200 nor more than $5000 in addition to certain fees and assessments that are required by stature, along with required attendance at the Victim Impact Panel. The Court must order a Breath Interlock Device installed on any vehicle that the person owns or operates for not less than 12 months nor more than 36 months upon release from prison at the person's own expense. Further, the Department of Motor Vehicles will revoke or suspend that person's license for at least 3 years, impose a $35 civil penalty, and if the person is convicted of a second or subsequent violation of NRS 484.39 or 484.3795 within 7 years, the Court must issue an order directing the Department of Motor Vehicles to suspend the registration of that person for at least 5 days. Before sentencing the offender, the Court must also require the person to be evaluation to determine whether he is an abuser of alcohol or drugs and whether he can be treated successfully for his condition.

### VEHICULAR HOMICIDE

A person who commits vehicular homicide after three prior DUI offenses is guilty of a category A felony and shall be punished by imprisonment in the state prison: (a) For life with the possibility of parole, with eligibility for parole beginning when a minimum of 10 years has been served; or (b) For a definite term of 25 years, with eligibility for parole beginning when a minimum of 10 years has been served. The person may also be subjected to certain fees and assessments that are required by statute. In addition, the person is required to attend the Victim Impact Panel. The Court must also order a Breath Interlock Devise on any vehicle that the person owns or operates for not less than 12 months nor more than 36 months upon the person's release from prison, at the person's own expense. Further, the Department of Motor Vehicles will revoke or suspend that person's driver's license for at least 3 years, the Department of Motor Vehicles may impose a $35.00 civil penalty, and the person's registration will be suspended for at least 5 days. Before sentencing whether he can be treated successfully for his condition.

### ALL DEFENDANTS MUST INITIAL EITHER #1 OR #2 BELOW–DO NOT INITIAL BOTH

____ 1. I am represented by an attorney in this case. My attorney has fully discussed these matters with me and advised me about my legal rights. My attorney is _____.

____ 2. I have declined to have an attorney represent me and I have chosen to represent myself. I have made this decision even though there are dangers and disadvantages in self-representation in a criminal case, including but not limited to, the following:
   a. Self-representation is often unwise, and a defendant may conduct a defense to his or her own detriment;
   b. a defendant who represents himself is responsible for knowing and complying with the same procedural rules as lawyers, and cannot expect help from the Judge in complying with those procedural rules;
   c. a defendant representing himself will not be allowed to complain on appeal about the competency or effectiveness of his or her representation;
   d. the state is represented by experienced professional attorneys who have the advantage of skill, training and ability;
   e. a defendant unfamiliar with legal procedures may allow the prosecutor an advantage, may not make effective use of legal rights, and may make tactical decisions that produce unintended consequences; and
   f. the effectiveness of the defense may well be diminished by a defendant's dual role as attorney and accused.

| DEFENDANTS SIGNATURE | DATE OF BIRTH | DATE |

I HAVE REVIEWED THIS ADMONISHMENT WITH MY CLIENT AND HE/SHE UNDERSTANDS THE RIGHTS HE/SHE IS WAIVING AND THE CONSEQUENCES OF HIS/HER PLEA OF GUILTY/NOLO CONTENDERE TO THIS DUI CHARGE.

DEFENDANTS ATTORNEY (if applicable)        BAR NUMBER

# EXHIBIT 2

# EXHIBIT 2

Electronically Filed
5/1/2019 10:03 AM
Steven D. Grierson
CLERK OF THE COURT

JOCP

# DISTRICT COURT

## CLARK COUNTY, NEVADA

THE STATE OF NEVADA,

        Plaintiff,

    -vs-

JONATHON ANTHONY JACKSON
#7765526

        Defendant.

CASE NO.  C-19-337828-1

DEPT. NO.  XXX

## JUDGMENT OF CONVICTION
### (PLEA OF GUILTY)

    The Defendant previously appeared before the Court with counsel and entered a plea of guilty to the crime of DRIVING UNDER THE INFLUENCE RESULTING IN SUBSTANTIAL BODILY HARM (Category B Felony) in violation of NRS 484C.110, 484C.430, 484C.105; thereafter, on the 25th day of April, 2019, the Defendant was present in Court for sentencing with counsel ADAM SOLINGER, ESQ., and good cause appearing,

    THE DEFENDANT IS HEREBY ADJUDGED guilty of said offense and, in addition to the $25.00 Administrative Assessment Fee, $60.00 Drug Analysis Fee, and $150.00 DNA Analysis Fee including testing to determine genetic markers plus $3.00

Exhibit 2 - 001

Case Number: C-19-337828-1

DNA Collection Fee, the Defendant is sentenced as follows: a MAXIMUM of ONE HUNDRED TWENTY (120) MONTHS with a MINIMUM parole eligibility of THIRTY-SIX (36) MONTHS in the Nevada Department of Corrections (NDC); with ONE HUNDRED FORTY (140) DAYS credit for time served.

DATED: 30 day of April, 2019.

JERRY A. WIESE
DISTRICT COURT JUDGE

# EXHIBIT 3

# EXHIBIT 3

**Search By Offender ID**
Offender ID: 1216001
-or-
**Search By Demographics**
First Name: [        ] Wildcard %
Last Name: [        ] Wildcard %

[Submit]

**NOTICE:**

The information provided here represents raw data. As such, the Nevada Department of Corrections makes no warranty or guarantee that the data is error free. The information should not be used as an official record by any law enforcement agency or any other entity.

Any questions regarding an inmate, please call Family Services at (775) 887-3367. Victims looking for inmate information please contact Victim Services at (775) 887-3393. Any questions regarding the web portal for law enforcement access to inmate information should be referred to PIO Scott Kelley. email: sckelley@doc.nv.gov or (775) 887-3309

Currently the following web browsers are supported for the Inmate Search: Internet Explorer 11, Chrome, Firefox and Opera. If you are unable to view inmate photos, please use a supported browser.

Download Offender Data

[Demographic](#), [Alias](#), [Booking](#), [Parole](#), [Release](#)

Up to date as of 2021-05-03

### Identification and Demographics

| Name | Offender ID | Gender | Ethnic | Age | Height | Weight | Build | Complexion | Hair | Eyes | Institution | Custody Level | Aliases | Prior Felonies |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| JONATHON ANTHONY JACKSON | 1216001 | Male | BLACK | 34 | 6'0" | 200lb | | DARK | BLACK | BROWN | CASA GRANDE TRANSITIONAL HOUSING | TRUSTEE | JONATHON JACKSON, JJ | YES |

### Booking Information

| Offense Code | Offense Description | Sent. Status | Sent. Min | Sent. Max | Sent. PED | Sent. MPR | Sent. County | Sent. PEXD | Sent. Type | Sent. RRD | Sent. Start Date |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 2137 | DUI CAUSING DEATH OR SBH | Active | 0 yr. 36 mo. 0 days | 0 yr. 120 mo. 0 days | 2021-12-05 | 2023-01-19 | CLARK COUNTY COURTHOUSE | 2023-06-25 | DETERMINATE | | 2018-12-06 |

**Inmate Photo**          **Parole Hearing Details Unavailable**



Exhibit 3 - 001