**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| M.S., a minor individual, by Guardian Valerie Sanders,<br><br>Plaintiff,<br><br>v.<br><br>Hyundai Motor America, et al.,<br><br>Defendants. | Case No. 2:20-cv-01861-GMN-BNW<br><br>**ORDER** |

Before the Court is a motion by Plaintiff M.S., a minor, by and through his guardian Valerie Sanders, to extend the deadline for service upon defendants Hyundai Motor Company, Takata Corporation, and ZF Friedrichshafen AG. ECF No. 47. A previous motion was filed seeking the same request. ECF No. 43. Subsequent to the filing of this motion, Plaintiff filed a notice with the court stating it will be dismissing ZF Friedrichshafen AG and that Hyundai Motor Company has agreed to make an appearance in the case within thirty days of March 30, 2021. ECF No. 48. Thus, the request applies only as to Takata Corporation. *Id*. The court in its discretion finds that there exists good cause for M.S.'s requested extension, and the motion will therefore be granted.

**I.     Background**

This is a products liability and negligence action. Plaintiff filed his Complaint against several defendants, including Takata Corporation, on May 19, 2020. ECF No. 8-1. Takata Corporation is a Japanese corporation. *See* ECF No. 47-1 at ¶ 8. Therefore, these Defendants must be served process pursuant to the terms of the Hague Convention.

Plaintiff's former counsel, Kemp Jones, had taken upon themselves the responsibility of effectuating service upon the foreign defendants. *Id*. Kemp Jones had commenced the process of service via the Hague Convention, but withdrew from representing Plaintiff in this matter before service could be completed. ECF No. 41. Plaintiff's remaining counsel must restart the process and expects the process will take approximately six months to complete. *See* ECF No. 47-1 at ¶ 9. As such, this Defendant will not be served within the current deadline for service (March 15, 2021) applicable to the domestic defendants under Rule 4(m).

**II.     Discussion**

Fed. R. Civ. P. 4 provides that plaintiff must serve defendant "within 90 days after the complaint is filed." Fed. R. Civ. P. 4(m). Yet, subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1). Fed. R. Civ. P. 4(m). Rule 4(f) identifies the procedural requirements for service of process on an individual in a foreign country, and Rules 4(f) and 4(h)(2) govern service on a foreign corporation. Rule 4(f) provides for service under the Hague Convention, but does not explicitly impose any time limits for doing so.

Despite the lack of time limits on effecting service of process on the foreign defendants, judges in this Circuit have recognized that the Court has broad discretion to set "a reasonable time limit for service in a foreign country so that it can properly manage a civil case." *Karimi v. Poker Media Sys. SAS*, 2013 WL 4048578, at *2 (D. Nev. Aug. 8, 2013).

Plaintiff filed his Complaint on May 19, 2020 in state court. This matter was then removed to federal court on October 5, 2020. On February 11, 2021, Kemp Jones, LLP filed a Motion to Withdraw as Attorney which was later granted on February 16, 2021. ECF No. 41. Given the need for current counsel to start with this service effort anew, the court finds there is good cause to extend the deadline for service by an additional period of 180 days. Because plaintiff no longer needs to serve the other two defendants, the Court expect service to be effectuated within this new timeline.

**III. Conclusion**

IT IS THEREFORE ORDERED that plaintiff's motion to extend the service deadline (ECF No. 47) is GRANTED. The deadline for service upon defendant Takata Corporation, is October 27, 2021.

IT IS FURTHER ORDERED that ECF No. 43 is denied as moot.

IT IS FURTHER ORDERED that the Notice of Dismissal of ZF Friedrichshafen AG is due by May 14, 2021.

DATED: May 5, 2021.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE